IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                         Criminal Action No.
        v.                                  8:11-CR-0088 (NAM)

WILLIAM DAVID HUMPHRIES,

        Defendant.

_____

APPEARANCES:                         OF COUNSEL:

FOR THE GOVERNMENT:

HON. RICHARD S. HARTUNIAN      CARL G. EURENIUS, ESQ.
United States Attorney                  GEOFFREY L. BROWN, ESQ.
Northern District of New York       GWENDOYLYN CARROLL, ESQ.
P.O. Box 7198                                Assistant U.S. Attorneys
100 S. Clinton Street
Syracuse, NY 13261-7198

FOR DEFENDANT:

DOLLINGER & ASSOCIATES          DOUGLAS R. DOLLINGER, ESQ.
260 Main St.
Goshen, NY 10924

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

Defendant William David Humphries, who is charged by indictment with Interstate Travel in Aid of Racketeering (Count 1), Wire Fraud Conspiracy to Defraud Canada of Tax Revenue (Count 2), Conspiracy to Manufacture Tobacco Products Without a License (Count 3), and Money Laundering (Counts 4 through 211), was the subject of a psychiatric examination ordered by the court and conducted in September 2012. The purpose of that examination was to determine the defendant's competency to stand trial in light of his claim that he suffers from a mental disease or defect rendering him unable to understand the nature of, and consequences associated with, the proceedings against him, and to assist his attorney to properly prepare a defense to the pending charges.

Following the court's receipt of a report arising from that consultative examination, the question of defendant's competency to stand trial was referred to me by District Judge Norman A. Mordue for the issuance of a report and recommendation regarding the matter. Based upon that referral, I conducted an evidentiary hearing on November 27, 2012, at which testimony was received from Dr. Thomas V. Martin, a consultative forensic psychiatrist, Dr. Daniel DeCamps, defendant's treating family

physician, and Dr. R. Joseph Healy, a neurologist consulted by defendant. Having carefully considered the testimony and evidence adduced during that hearing, I recommend a finding that defendant is competent to stand trial within the meaning of 18 U.S.C. § 4241.

I.     BACKGROUND

Defendant was originally named in an indictment returned on February 16, 2011, alleging criminal conduct similar to that set forth in the pending, third superseding indictment. Dkt. No. 1. Based upon the return of that indictment, a summons was issued directing Humphries, who resides in South Carolina, to appear in this court for an initial appearance and arraignment. Dkt. No. 2. Superseding indictments were subsequently returned on April 13, 2011, April 20, 2011, and, most recently on May 11, 2011, in connection with the criminal accusations against the defendant. Dkt. Nos. 7, 11. Upon the issuance of each of those superseding indictments, a summons was issued directing the defendant to appear in Syracuse, New York to answer the charges lodged against him. Dkt. Nos. 5, 8, 12.

Considerable delay was occasioned in arranging for the defendant to appear for arraignment in connection with the various indictments

returned in the case, resulting almost exclusively from his requests for adjournments due to his involvement in an automobile accident, causing him to suffer significant injuries. Following the exchange of several communications, and a hearing conducted on November 9, 2011, which defendant's counsel attended unaccompanied by his client, defendant appeared for an initial appearance and arraignment by video conference on January 5, 2012, with defendant and his counsel participating from the United States Courthouse in Florence, South Carolina. During that proceeding, defendant's counsel advised the court of his intention to file a motion challenging his client's competency to stand trial. A criminal pretrial scheduling order was issued on that date, and defendant was released by the court on conditions. *See* Dkt. Nos. 19, 20.

On February 7, 2012, defendant formally moved seeking a court order directing that he undergo a psychiatric examination to determine his competency to stand trial. Dkt. No. 22. Following a telephone conference conducted regarding the matter on March 22, 2012, District Judge Mordue issued a decision and order, dated June 12, 2012, directing that defendant submit to an out-patient psychiatric examination by Dr. Thomas V. Martin, who is located in Columbia, South Carolina. Dkt. No. 26. The

order also directed that Dr. Martin file a psychiatric report of his findings within fourteen days of the date of the examination, and to forward copies of the report to defense counsel and the prosecuting attorney. *Id.*

In accordance with Judge Mordue's order, Dr. Martin conducted an evaluation of the defendant on September 26, 2012. The results of Dr. Martin's evaluation are embodied in a report dated October 3, 2012, and entitled "Forensic Psychiatric Summary." Following receipt of Dr. Martin's report, Judge Mordue scheduled a competency hearing to be held on November 27, 2012, and referred the matter to me for the purpose of conducting that hearing and issuing a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). Set forth below are my findings of fact and conclusions of law, based upon the testimony and evidence adduced at the hearing.

II.  DISCUSSION

   A.  Competency Standard

A criminal defendant is competent to stand trial if he possesses a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and . . . a rational as well as factual understanding of the proceedings against him." *United States v. Nichols*,

56 F.3d 403, 410 (2d Cir. 1995) (internal quotations omitted), *accord*, *United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998). The burden of establishing lack of competency to stand trial rests with the defendant. *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). A defendant seeking to establish that he is not competent to stand trial must do so by a preponderance of the evidence. *Cooper*, 517 at 362; *Simmons*, 993 F. Supp. at 170. "The question of competency to stand trial is limited to the defendant's abilities at the time of trial[.]" *United States v. Bamos*, 797 F.2d 1146, 1150 (2d Cir. 1986).

B.   The Evidence in this Case

At the competency hearing held on November 27, 2012, three medical professionals that have either treated or consultatively evaluated defendant testified. The following represents a summary of the testimony given by each of those witnesses.

1.   Dr. Daniel E. DeCamps (by video)

Dr. DeCamps is a board-certified family physician, and has practiced family medicine in Lake City, South Carolina, since 1986. Dr. DeCamps has treated the plaintiff for more than twenty years, including for his injuries suffered in an automobile accident that occurred on November 10,

2010.[1] According to Dr. DeCamps, prior to his automobile accident, defendant was a hard-working, intelligent businessman who displayed no signs of any mental illness or cognitive disorder. Over the course of the sixteen visits since the November 2010 accident, Dr. DeCamps discerned a gradual deterioration in the defendant's mental acumen. As one example of the observations leading to that conclusion, Dr. DeCamps cited an examination during which he asked Humphries to remember three objects for five minutes, verbalize a set of serial sevens, in reverse from 100. In response, defendant could only recall one of the three objects, and had only two correct serial sevens.

Based upon his observations, Dr. DeCamps diagnosed defendant with post-traumatic stress disorder ("PTSD"), chronic pain syndrome, and post-traumatic encephalopathy ("PTE"), all of which are known to carry symptoms that include difficulties with memories and concentration.[2] Dr. DeCamps also believes that defendant may have suffered a stroke based

---

[1] Defendant's last appointment with Dr. DeCamps prior to the November 2010 accident was on February 22, 2008. Defendant's first visit to Dr. DeCamps following the accident occurred on May 17, 2011.

[2] Dr. DeCamps described PTE as a clinical syndrome associated with a global cognitive impairment, resulting in the inability to maintain a coherent stream of thought. Symptoms of PTE can include poor attention, disorientation, agitation, confusion, vertigo, headaches, poor judgment, and dementia.

on the results of a magnetic resonance imaging ("MRI") scan conducted on November 16, 2011, which revealed an increased signal in the left parietal white matter adjacent to the posterior horn or lateral ventricle, appearing to be ischemic. He acknowledged, however, that there could be other causes for the ischemic matter revealed in the MRI, including untreated or poorly managed diabetes.

Despite his findings, Dr. DeCamps neither referred defendant to a psychiatrist for treatment, nor prescribed any medication to assist him with his memory issues.[3] Dr. DeCamps did, however, refer defendant to Dr. Joseph Healy, Jr., for a consultative neurological examination in or about October 2011.

During his testimony, Dr. DeCamps opined that Humphries' memory limitations could affect his ability to assist his attorney in matters related to his defense, and doubted that defendant would be able to testify in his own defense due to his tendency toward impulsive verbal responses with no immediate consideration of the possible consequences, and the fact he

---

[3] Dr. DeCamps has placed the defendant on various anti-depressants, including Zymbalta, Celexa, and Effexor. Dr. DeCamps has also prescribed Corgard, a betablocker, to address the defendant's PTSD symptomology. For pain, defendant has been prescribed Toradol, a non-narcotic drug, and Celebrex, a non-steriodal anti-inflammatory agent. Dr. DeCamps has not prescribed any significant pain medication due to defendant's aversion to taking narcotic pain suppressors.

could easily be redirected in his answers. However, Dr. DeCamps did not attempt to quantify those limitations, and admitted that he was not qualified to render an opinion concerning whether the defendant meets the criteria for legal incompetency to stand trial.

    2.  <u>Dr. Thomas V. Martin (by video)</u>

  Dr. Martin, a forensic psychiatrist, was retained by the government, with court approval, to perform an evaluation of defendant to assist in determining whether he is competent to stand trial. Dr. Martin is board-certified in general and forensic psychiatry, and has been in practice since completion of his forensic psychiatric fellowship in 2000.[4] In that capacity, Dr. Martin has performed approximately of 250 forensic assessments of competency to stand trial, at both the state (South Carolina) and federal levels.

  In preparation for his evaluation, Dr. Martin reviewed available medical records associated with defendant's care and treatment, including those relating to his injuries suffered in the November 10, 2010, automobile accident. Among the materials reviewed were records of

---

  [4] Dr. Martin also completed a sub-internship in neurology, though, on cross-examination, he admitted that he is not a board-certified neurologist.

defendant's treatment by both Dr. DeCamps and Dr. Healy, as well as the indictment in this case.  After completing his preparation, Dr. Martin met with Humphries, in the presence of his counsel, for two and one-half hours on September 26, 2012, at the physician's office in Columbia, South Carolina.  The stated objective of Dr. Martin's consultative examination was to determine whether Humphries is capable of creating and maintaining a relationship with his defense attorney, and whether he has a factual and rational ability to address the legal issues associated with his defense.[5]

As a result of his evaluation of defendant, Dr. Martin found that defendant had a keen knowledge and understanding of the tobacco business, with which he was associated, and an adequate understanding of the criminal charges filed against him.  Dr. Martin acknowledged defendant's complaints of chronic pain stemming from his automobile accident, and his claimed characterologic changes, finding that defendant does suffer from a modest organic personality change.  Dr. Martin found Humphries somewhat aloof when discussing the criminal charges against

---

[5] Dr. Martin did not administer any formal psychological test during his meeting with Humphries, based upon his opinion that the defendant "demonstrated a coherent line of thinking."

10

him.  Dr. Martin did not view him as disassociative, however, nor did he find that it was abnormal for someone in defendant's position to feel uncomfortable about discussing such matters.  Dr. Martin found it easy to redirect the defendant when he exhibited reluctance to address the criminal charges against him.  During his interview, Dr. Martin observed no signs of dementia, including, specifically, memory loss.

Dr. Martin prepared an eight page report summarizing his findings on October 3, 2012.  In it, he opined that, while Humphries has suffered from a change of personality following his head injury, including feeling that his cognitive skills and physical abilities have been limited, his level of cognition does not preclude him from assisting his attorney in formulating a defense, and he is able to understand the proceedings associated with his criminal prosecution.  Dr. Martin also acknowledged that defendant's chronic pain has been difficult to manage and has affected his ability to interact with others, but concluded that, with careful monitoring and a low dose of Seroquel, a prescription drug that tempers irritability, impulsivity, and aggressive behavior, defendant would be able to effectively collaborate with counsel.

In his report, Dr. Martin further opined that the defendant does not

suffer from PTSD. He bases this opinion on the fact that, although defendant was somewhat anxious about discussing his accident, the event that allegedly caused the PTSD, he had no difficulty with speaking about the incident in some detail. Dr. Martin also concluded that Humphries does not suffer from PTE to the extent that his competency is impaired. Dr. Martin did acknowledge that the defendant has suffered from a serious traumatic brain injury, but concluded that he has been recovering from that injury.

        3.     Dr. Joseph Healy (via telephone)

Dr. Healy is a licensed neurologist to whom defendant was referred by Dr. DeCamps, and who first examined Humphries on October 24, 2011. Humphries was referred to Dr. Healy based on Dr. DeCamps' concern, following defendant's accident and closed head injury, that he suffered personalty changes and complained of memory loss. Based upon his review, Dr. Healy concluded that Humphries had suffered a mild form of PTE, a condition that could have been complicated by virtue of his low blood sugar. According to Dr. Healy, MRI testing performed on November 16, 2011, did not reveal any specific abnormalities, although he acknowledged the small area of abnormal signal in the left parietal brain

that Dr. DeCamps had identified as ischemic – that is, the result of a small stroke – and ultimately concluded that it was not sufficient to explain any cognitive difficulties. Based upon his observations, Dr. Healy prescribed 300 milligrams or Neurontin, or Gabapentin, at nighttime to alleviate defendant's headaches.

In his Axis II diagnosis, Dr. Martin found that defendant suffers from a pain disorder that includes a medical and psychological component. Dr. Martin described the psychological component as causing Humphries to be dysphoric or depressed and irritable, making it difficult for him to concentrate at times. Dr. Martin also opined, however, that the pain disorder is not grossly impairing to defendant. Dr. Martin assigned a global assessment of functioning ("GAF") score of fifty-five based upon his meeting with the defendant.[6] While Dr. Martin suggested use of medication, such as Seroquel, he also opined that, if defendant appeared in court on the day of the examination he would be "good to go."

---

[6] The GAF scale considers psychological, social, and occupational functioning on a hypothetical continuum of mental health. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 34 (Am. Psychiatric Assoc., 4th ed. 2000) ("DSM-IV-TR"). A GAF of fifty-five indicates moderate difficulty in social, occupational ,or school functioning. DSM-IV-TR at 34.

C. <u>Conclusion Based Upon the Evidence Before the Court</u>

Based upon the foregoing, I recommend a finding that defendant has failed to sustain his burden of demonstrating, by a preponderance of the evidence, that he is not competent to stand trial. While he has undeniably suffered physical injuries and some personality changes as a result of his automobile accident in November 2010, the testimonies of both Dr. Martin, a highly regarded forensic psychiatrist, and Dr. Healy, plaintiff's neurological consultant, failed to demonstrate the existence of any impediment in defendant's ability to possess a rational factual and legal understanding of the charges against him, or to meaningfully assist his counsel in preparing to defend against them. Indeed, the testimony of Dr. Healy, called by the defendant as a witness, not only failed to support defendant's position, but in fact, was more favorable to the government on the question of competency. Significantly, Dr. Healy testified that, while Humphries may suffer from some short term memory loss, his memory is between 80 and 90 percent intact, and he suffers from an impairment that was described as only "mild."

In addition, Dr. Martin, a well recognized expert in the field of forensic psychiatry, who has conducted approximately 250 forensic

psychological evaluations, concluded, based upon his review of defendant's medical records and his two and one-half hour examination of defendant, that, despite defendant's physical and mental limitations, attributable principally to the automobile accident in November 2010, defendant retains a sufficient level of cognition to assist his attorney in formulating a defense, and has a rational and factual understanding of the proceedings against him. To counter this opinion, and in an effort to sustain his burden of proving that he is not competent, defendant was only able to point to the conclusory opinions of Dr. DeCamps, a family physician, who, despite claiming to have defendant's discerned personality changes and cognitive impairments, failed to refer him to a mental-health specialist and candidly admitted that he is not qualified to opine as to competency in a legal setting.

    Moreover, and significantly, Dr. DeCamps did not specifically opine that defendant does not have a reasonable degree of rational understanding sufficient to consult with his lawyer, as well as an adequate understanding of the proceedings against him. Rather, his concerns focus on his the belief that, were he to testify in his defense, Humphries could be led by the prosecution without recognizing the consequences of

his testimony. When weighed against the testimony of Dr. Martin and Dr. Healy, two specialists, the speculation offered by defendant's family physician regarding his memory and understanding does not suffice to carry defendant's burden of establishing incompetency to stand trial.

IV. <u>SUMMARY AND RECOMMENDATION</u>

Having carefully considered the testimony elicited from three medical professionals that appeared at the recent competency hearing, I conclude that the defendant possesses a sufficient present ability to consult with his lawyer with a reasonable degree of rational legal understanding, and that he has a rational, as well as factual, understanding of the proceedings against him. Accordingly, it is hereby respectfully

RECOMMENDED that the court find the defendant competent to stand trial in this matter.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: February 7, 2013
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge