**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

    **vs.**                                                  **8:11-CR-88 (NAM)**

**WILLIAM DAVID HUMPHRIES,**

    **Defendant.**

**APPEARANCES:**                              **OF COUNSEL:**

Richard Hartunian                          Carl G. Eurenius,
Office of the United States Attorney      Assistant United States Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

Douglas R. Dollinger, P.C. & Associates     Douglas R. Dollinger, Esq.
260 Main Street
Goshen, NY 10924
*For Defendant*

**Norman A. Mordue, U.S. District Judge**

## MEMORANDUM DECISION AND ORDER

### BACKGROUND

On February 7, 2012, defense counsel for defendant William David Humphries filed a motion requesting that the Court order a mental examination of his client to determine his competency to stand trial. Dkt. No. 22. Following a series of telephone conferences with the Court, the parties submitted letters, Dkt. Nos. 24, 25, advising the Court of the status of their attempts to agree on a physician to conduct the psychiatric examination and defendant's failure to execute medical release forms.

Based on defendant's submissions and the information provided during the above-referenced telephone conferences, the Court found that there was "reasonable cause to believe

that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). On June 12, 2012, the Court entered an order pursuant to §§ 4241(b) and 4247(b) directing that an out-patient psychiatric examination of defendant be conducted by Thomas Martin, M.D., in Columbia, South Carolina. Dkt. No. 26. Although the Court ordered that the evaluation be conducted within thirty days, the parties had difficulty procuring defendant's medical records for Dr. Martin. As a result, the Court extended the deadline for the examination. On September 26, 2012, Dr. Martin conducted a forensic psychiatric examination. On or about October 17, 2012, Dr. Martin provided his "Forensic Psychiatric Summary" to the government, which provided copies to the Court and defense counsel.

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(d), United States Magistrate Judge David E. Peebles held an evidentiary hearing on the issue of competency and issued an excellent and thorough Report and Recommendation, Dkt. No. 40, concluding that "the defendant possesses a sufficient present ability to consult with his lawyer with a reasonable degree of rational legal understanding, and that he has a rational, as well as factual, understanding of the proceedings against him." Dkt. No. 40, p.16. Magistrate Judge Peebles therefore recommended that the Court find defendant competent to stand trial. *Id*. Defendant objects. Dkt. No. 41.

**DISCUSSION**

Under 28 U.S.C. § 636(b)(1)(C), this Court is required to review de novo those parts of a report and recommendation to which a party specifically objects. "If no objections are filed, or where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district

court in a rehashing of the same arguments set forth in the original petition,' reviewing courts should review a report and recommendation for clear error." *Edwards v. Fischer*, 414 F.Supp.2d 342, 346-67 (S.D.N.Y. 2006) (quoting *Vega v. Artuz*, No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).

Defense counsel objects to Magistrate Judge Peebles's findings, asserting that defendant is unable to assist in his defense because he cannot maintain a consistent level of focus, lacks impulse control, cannot appreciate the consequences of his statements, is irritable, and is uncooperative. Defense counsel also asserts that Dr. Daniel E. DeCamps's testimony should be accepted as true. Having reviewed the entire record de novo, that Court concludes that even through defendant has mental ailments that make him irritable and, at times, uncooperative with his attorney, and cause difficulties with concentration and impulse control, the preponderance of the evidence supports a finding that, at present, defendant retains a sufficient ability to consult with his attorney and understand the proceedings against him.

The standard for determining whether a defendant is competent to stand trial is well settled. "The defendant must have (1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). A district court's determination of competency is made on the basis of a preponderance of the evidence. *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998). In making this determination, the district court may properly rely on a number of factors, including medical opinions and the district court's "observation of the defendant's comportment." *Nichols*, 56 F.3d at 411.

The evidence adduced at the hearing established that defendant suffered physical injuries,

3

including a fractured tibia and head injury, as a result of an automobile accident on November 10, 2010. Following the accident, in addition to ongoing pain, he complained to Daniel E. DeCamps, M.D., his family doctor, of "severe headaches, anxiety, fear, dizziness, nausea, vertigo, ringing in his ears, weakness to his extremities and forgetfulness." Dr. DeCamps, who saw defendant sixteen times after the accident and obtained "a detailed history of the significant changes in his mental state" from defendant's family, concluded that defendant had "become confused, unreasonably stubborn and that his overall disposition had change[ed]." Dr. DeCamps performed a mental status examination during which he asked defendant to remember three objects for five minutes and verbalize a set of serial sevens, in reverse from 100. Defendant only recalled one of the three objects and verbalized two serial sevens. Dr. DeCamps diagnosed plaintiff with post-traumatic stress disorder, chronic pain syndrome, and post-traumatic encephalopathy, all of which can cause difficulties with memories and concentration.

Dr. DeCamps testified that, in his opinion, defendant would be unable "to provide a coherent, consistent account of past events," and that defendant's condition hindered his ability to testify in his own defense because of "his impulsive verbal responses with no immediate considerations regarding the consequences". Dr. DeCamps further stated that defendant's susceptibility to redirection could cause him to give inconsistent answers.

In October 2011, Dr. DeCamps referred defendant to neurologist Joseph Healy, Jr. Dr. Healy sent defendant for an MRI, which did not reveal any specific abnormalities, except a small area of "abnormal signal in the left parietal brain" which "might" indicate defendant had "a small stroke". Dr. Healy stated, however, that this abnormality did not explain defendant's cognitive difficulties. At the hearing, Dr. Healy testified that defendant's "main problem from a neurologic standpoint seemed to be personality issues, complaints about memory, mainly relative to the

4

accident." Dr. Healy stated that his testing indicated that defendant's "day-to-day" memory "was probably about 80 to 90 percent intact." Dr. Healy also testified that defendant also had "a little bit of constructional apraxia" which meant that he would have difficulty carrying out a multi-step command in the proper order, but that it was "a mild deficit."

Dr. Martin, whom the Court appointed to evaluate defendant on an out-patient basis, diagnosed defendant with "personality disorder due to a general medical condition (traumatic head injury)", "pain disorder with both a medical and psychological component", "posttraumatic encephalopathy, in recovery" and "psychosocial stressors: legal issues, post-medical and surgical issues and changes in mental state". Dr. Martin noted that following the automobile accident, defendant developed "changes in his demeanor, memory, and facets of his character", including "enhanced irritability, impulsive verbal expressions without immediate consideration for consequences, and intolerance to frustration from recognizable changes from previous reported executive functioning." Dr. Martin observed that during the evaluation, defendant "was borderline uncooperative with [him] and clearly with his attorney, when feeling frustrated with his Federal case, lacking the detailed and calculating ability he once used proudly."

Regarding defendant's understanding of the charges against him, Dr. Martin stated:

> Mr. Humphries was aware of the charges levied against him and that the charges reflected criminal behavior. Mr. Humphries appropriately cited the role of his defense attorney, Mr. Dollinger whom he has known for quite a few years. He also understood the roles of the U.S. Attorney and the Judge in his current situation. Mr. Humphries demonstrated both a factual and a rational understanding of the legal matters that involved him. Mr. Humphries is capable of working with his attorney in these legal matters.

Dr. Martin further stated that defendant's "memory was actually quite good for short-term and long-term events" and that he could "recite right from wrong and converse factually as well as rationally."

Even accepting Dr. DeCamps's opinion in its entirety, as defendant urges, it does not necessarily support a finding that defendant is incompetent to stand trial. Dr. DeCamps offered no opinion as to whether defendant understood the charges against him, or whether he could maintain a rational and factual understanding of the proceedings against him. Dr. Martin, in contrast, reported that defendant, while at times uncooperative, was aware of the criminal nature of the charges against him and was able to explain the roles of the defense attorney, United States Attorney, and the Court in a criminal proceeding. Thus, having reviewed the record de novo, the Court accepts Magistrate Judge Peebles Report and Recommendation in its entirety and finds that defendant is, at present, competent to stand trial. However, "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial,'" *United States v. Arenbura*, 605 F.3d 164 (2d Cir.2010) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)), and must hold a competency hearing whenever "there is reasonable ground ... to conclude that the defendant may not be competent to stand trial." *Harris v. Kuhlmann*, 346 F.3d 330, 350 (2d Cir. 2003) (quotation and citation omitted). Accordingly, the court will monitor the progression of this case closely, mindful of defendant's condition, and will re-evaluate his competency if it appears necessary.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 40) is **ACCEPTED** in its entirety; and it is further

**ORDERED** that the Court finds defendant competent, at present, to stand trial in this matter; and it is further

**ORDERED** that pursuant to 18 U.S.C. § 3161(f)(A), the period of delay resulting from

6

the proceedings and examination associated with defendant's motion to determine competency is excluded from the speedy trial computation in this case; and it is further

**ORDERED** that the Jury Trial shall commence on June 17, 2013, at 9:00 a.m., in Syracuse, New York. All pretrial papers are due on or before June 3, 2013.

**IT IS SO ORDERED.**

Date: May 10, 2013

_____
Honorable Norman A. Mordue
U.S. District Judge